FILED
January 21, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARLEN CUBA DE LA CRUZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | NO. SA-26-CV-69-OLG |
| § | |
| **TODD M. LYONS** *et al.*, § | |
| § | |
| Respondents. § | |

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Marlen Cuba de la Cruz's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 6).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner is a citizen of Cuba, who entered the United States without inspection. *See* Dkt. Nos. 1 at 1, 4; 1-2 at 2; 6 at 1–2. This proceeding turns entirely on whether Petitioner is a detainee subject to § 1225(b) or § 1226(a). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If Petitioner is subject to § 1225(b), her detention is mandatory. If Petitioner is subject to § 1226(a), her detention is discretionary and she is therefore entitled to a bond redetermination before an immigration judge.

Having already resolved this question against Respondents' position in other habeas cases,[1] the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. *See* Dkt. No. 2 at 2. On January 20, 2026, Respondents responded to the Petition. *See* Dkt. No. 6. In their response, they identify no material difference between this case and those cases. *Id.* at 1. In

---

[1] *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).

light of the Court's prior decisions, *see supra* note 1, it will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.

Petitioner Marlen Cuba de la Cruz's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release her. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Any non-habeas claims are **DISMISSED WITHOUT PREJUDICE**. *See Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief.").

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January __21__, 2026.

_____
ORLANDO L. GARCIA
United States District Judge